FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

DEC 28 2011

J.T. NOBLIN, CLERK
BY_____ DEPUTY

### COMPLAINT

LANE                    K6178
(Last Name)              (Identification Number)

KARLO          L
(First Name)      (Middle Name)

S.M.C.I Area II A-1-Azone Bed 26 —  EM.CF Unit 1 A-Zone cell 105
(Institution)
P.C. Box 1419 Leaksville Ms. 39451        10641 MERida MS 39307
(Address)
(Enter above the full name of the plaintiff, prisoner, and address
plaintiff in this action)

CIVIL ACTION NUMBER 4:11cv 210-TSL-LRH
(to be completed by the Court)

V.

John Adams Field oSfiier

Robert Graysree Field oFFicer

For M.D.O.C. Noxubee County

(Enter above the full name of the defendant or defendants in this action)

## OTHER LAWSUITS FILED BY PLAINTIFF

> **NOTICE AND WARNING:**
> The plaintiff must fully complete the following questions.  Failure to do so may result in your case being dismissed.

A   Have you ever filed any other lawsuits in a court of the United States?          Yes ( ) No (✓)

B.   If your answer to A is yes, complete the following information for each and every civil action and appeal filed by you. (If there is more than one action, complete the following information for the additional actions on the reverse side of this page or additional sheets of paper.)

   1.   Parties to the action:_____

   2.   Court (if federal court, name the district, if state court, name the county):_____

   3.   Docket Number:_____

   4.   Name of judge to whom case was assigned:_____

   5.   Disposition (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?):_____

## PARTIES

(In item I below, place your name and prisoner number in the first blank and place your present address in the second blank.  Do the same for additional plaintiff, if any).

I. Name of plaintiff  *KARLO LANE*                Prisoner Number:  *K6178*

   Address:  *S. M.C.I  Area 2 - A-1 -AZone*

   *P.O. Box 1419*

   *Leakeville MS, 39451*

(In item II below, place the full name of the defendant in the first blank, and his official position in the second blank, and his place of employment in the third blank.  Use the space below item II for the names, positions, and places of employment of any additional defendants.)

II Defendant:  *John Admns, Robert Gree Jerrce*                is employed as

   *M. D. O C Probation officer*        at *Noxubce County*

   *Field officer For Noxubce County M.D.O.C*

The plaintiff is responsible for providing the court the name and address of each plaintiff(s) as well as the name(s) and address(es) of each defendant(s).  Therefore, the plaintiff is required to complete the portion below:

PLAINTIFF

NAME:                          ADDRESS:

_____        _____


DEFENDANT(S):

NAME:                          ADDRESS:

_____        _____

_____        _____

_____        _____

_____        _____

2

## GENERAL INFORMATION

A.     At the time of the incident complained of in this complaint, were you incarcerated because you had been convicted of a crime?

       Yes (   )    No ( ✓ )

B.     Are you presently incarcerated for a parole or probation violation?

       Yes (   )    No ( ✓ )

C.     At the time of the incident complained of in this complaint, were you an inmate of the Mississippi Department of Corrections (MDOC)?

       Yes (   )    No ( ✓ )

D.     Are you currently an inmate of the Mississippi Department of Corrections (MDOC)?

       Yes ( ✓ )    No (   )

E.     Have you completed the Administrative Remedy Program regarding the claims presented in this complaint?

       Yes ( ✓ )    No (   ), if so, state the results of the procedure:   _NONE_

F.     If you are <u>not</u> an inmate of the Mississippi Department of Corrections, answer the following questions:

       1.     Did you present the facts relating to your complaint to the administrative or grievance procedure in your institution?

              Yes ( ✓ )   No (   )

       2.     State how your claims were presented (written request, verbal request, request for forms): _That did not get BACK to ME on it I got several A R P i N._

       3.     State the date your claims were presented: _July 19 2011_

       4.     State the result of the procedure: _No NE_

3

## STATEMENT OF CLAIM

III.    State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also, include the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need, attach extra sheet if necessary.)

I KARlo LANE Claim being held in custody unlawfully by M.D.OC. Field offices Robert Graferee out Noxubee County

## RELIEF

IV.     State what relief you seek from the court. Make no legal arguments. Cite no cases or statutes.

I WANT A sum For my 14 month being place in Noxubee JAil on M.D.OC Hold Sum totalb $100,000, And be Release on E.R.S

Signed this **23** day of **Nov** , 20 **11**

Karlo Lane K6178
E.M.C.F 10641 MeridAN

Signature of plaintiff, prisoner number and address of plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

11-13-2011
(Date)

Karlo Lane
Signature of plaintiff

1 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
GENERALLY

**Go to the United States Code Service Archive Directory**

42 USCS § 1981

Review expert commentary from The National Institute for Trial Advocacy

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAVE BEEN SPLIT INTO 2 DOCUMENTS.
THIS IS PART 1.
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

§ 1981. Equal rights under the law

(a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

2 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS

42 USCS § 1981

GENERALLY

**Go to the United States Code Service Archive Directory**

42 USCS § 1981

Review expert commentary from The National Institute for Trial Advocacy

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAVE BEEN SPLIT INTO 2 DOCUMENTS.
THIS IS PART 2
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

§ 1981. Equal rights under the law

(a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

3 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
GENERALLY

**Go to the United States Code Service Archive Directory**

42 USCS § 1983

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAVE BEEN SPLIT INTO 11 DOCUMENTS.
THIS IS PART 1.
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

4 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

\*\*\* CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 \*\*\*

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
GENERALLY

**Go to the United States Code Service Archive Directory**

42 USCS § 1983

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAVE BEEN SPLIT INTO 11 DOCUMENTS.
THIS IS PART 2.
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

5 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

42 USCS § 1983

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
GENERALLY

**Go to the United States Code Service Archive Directory**

42 USCS § 1983

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAVE BEEN SPLIT INTO 11 DOCUMENTS.
THIS IS PART 3.
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

6 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
GENERALLY

**Go to the United States Code Service Archive Directory**

42 USCS § 1983

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAVE BEEN SPLIT INTO 11 DOCUMENTS.
THIS IS PART 4.
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

7 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
GENERALLY

**Go to the United States Code Service Archive Directory**

42 USCS § 1983

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAVE BEEN SPLIT INTO 11 DOCUMENTS.
THIS IS PART 5.
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

§ 1983.  Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

8 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

42 USCS § 1983

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
GENERALLY

**Go to the United States Code Service Archive Directory**

42 USCS § 1983

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAVE BEEN SPLIT INTO 11 DOCUMENTS.
THIS IS PART 6.
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

9 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
GENERALLY

**Go to the United States Code Service Archive Directory**

42 USCS § 1983

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAVE BEEN SPLIT INTO 11 DOCUMENTS.
THIS IS PART 7.
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

10 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
GENERALLY

**Go to the United States Code Service Archive Directory**

42 USCS § 1983

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAVE BEEN SPLIT INTO 11 DOCUMENTS.
THIS IS PART 8.
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

11 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE

42 USCS § 1983

## CHAPTER 21. CIVIL RIGHTS
## GENERALLY

**Go to the United States Code Service Archive Directory**

42 USCS § 1983

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAVE BEEN SPLIT INTO 11 DOCUMENTS.
THIS IS PART 9.
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

12 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
GENERALLY

**Go to the United States Code Service Archive Directory**

42 USCS § 1983

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAVE BEEN SPLIT INTO 11 DOCUMENTS.
THIS IS PART 10.
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any

action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

13 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
GENERALLY

**Go to the United States Code Service Archive Directory**

42 USCS § 1983

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAVE BEEN SPLIT INTO 11 DOCUMENTS.
THIS IS PART 11.
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

§ 1983.  Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

14 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS

42 USCS § 1985

GENERALLY

Go to the United States Code Service Archive Directory

42 USCS § 1985

§ 1985.  Conspiracy to interfere with civil rights

(1) Preventing officer from performing duties.  If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof, or to induce by like means any officer of the United States to leave any State, district or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror.  If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges.  If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

15 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42  THE PUBLIC HEALTH AND WELFARE
CHAPTER 21  CIVIL RIGHTS
INSTITUTIONALIZED PERSONS

**Go to the United States Code Service Archive Directory**

42 USCS § 1997

§ 1997  Definitions

As used in this Act--

(1) The term "institution" means any facility or institution--

(A) which is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State; and

(B) which is--

(i) for persons who are mentally ill, disabled, or retarded, or chronically ill or handicapped;

(ii) a jail, prison, or other correctional facility;

(iii) a pretrial detention facility;

(iv) for juveniles--

(I) held awaiting trial;

(II) residing in such facility or institution for purposes of receiving care or treatment; or

(III) residing for any State purpose in such facility or institution (other than a residential facility providing only elementary or secondary education that is not an institution in which reside juveniles who are adjudicated delinquent, in need of supervision, neglected, placed in State custody, mentally ill or disabled, mentally retarded, or chronically ill or handicapped), or

(v) providing skilled nursing, intermediate or long-term care, or custodial or residential care.

(2) Privately owned and operated facilities shall not be deemed "institutions" under this Act if--

(A) the licensing of such facility by the State constitutes the sole nexus between such facility and such State;

(B) the receipt by such facility, on behalf of persons residing in such facility, of payments under title XVI, XVIII, or under a State plan approved under title XIX, of the Social Security Act [42 USCS §§ 1381 et seq., §§ 1395 et seq., or §§ 1396 et seq.], constitutes the sole nexus between such facility and such State; or

(C) the licensing of such facility by the State, and the receipt by such facility, on behalf of persons residing in such facility, of payments under title XVI, XVIII, or under a State plan approved under title XIX, of the Social Security Act [42 USCS §§ 1381 et seq., §§ 1395 et seq., §§ 1396 et seq.], constitutes the sole nexus between such facility and such State;

(3) The term "person" means an individual, a trust or estate, a partnership, an association, or a corporation;

(4) The term "State" means any of the several States, the District of Columbia, the Commonwealth of Puerto Rico, or any of the territories and possessions of the United States;

(5) The term "legislative days" means any calendar day on which either House of Congress is in session.

16 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright (c) 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) Companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

42 USCS § 1997a

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
INSTITUTIONALIZED PERSONS

**Go to the United States Code Service Archive Directory**

42 USCS § 1997a

§ 1997a.  Initiation of civil actions

(a) Discretionary authority of Attorney General; preconditions.  Whenever the Attorney General has reasonable cause to believe that any State or political subdivision of a State, official, employee, or agent thereof, or other person acting on behalf of a State or political subdivision of a State is subjecting persons residing in or confined to an institution, as defined in section 2 [42 USCS § 1997], to egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing such persons to suffer grievous harm, and that such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities, the Attorney General, for or in the name of the United States, may institute a civil action in any appropriate United States district court against such party for such equitable relief as may be appropriate to insure the minimum corrective measures necessary to insure the full enjoyment of such rights, privileges, or immunities, except that such equitable relief shall be available under this Act to persons residing in or confined to an institution as defined in section 2(1)(B)(ii) [42 USCS § 1997(1)(B)(ii)] only insofar as such persons are subjected to conditions which deprive them of rights, privileges, or immunities secured or protected by the Constitution of the United States.

(b) Discretionary award of attorney fees.  In any action commenced under this section, the court may allow the prevailing party, other than the United States, a reasonable attorney's fee against the United States as part of the costs.

(c) Attorney General to personally sign complaint.  The Attorney General shall personally sign any complaint filed pursuant to this section.

17 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright (c) 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) Companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
INSTITUTIONALIZED PERSONS

**Go to the United States Code Service Archive Directory**

42 USCS § 1997b

§ 1997b.  Certification requirements; Attorney General to personally sign certification

(a) At the time of the commencement of an action under section 3 [42 USCS § 1997a] the Attorney General shall certify to the court--

(1) that at least 49 calendar days previously the Attorney General has notified in writing the Governor or chief executive officer and attorney general or chief legal officer of the appropriate State or political subdivision and the director of the institution of--

(A) the alleged conditions which deprive rights, privileges, or immunities secured or protected by the Constitution or laws of the United States and the alleged pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities;

(B) the supporting facts giving rise to the alleged conditions and the alleged pattern or practice, including the dates or time period during which the alleged conditions and pattern or practice of resistance occurred; and when feasible, the identity of all persons reasonably suspected of being involved in causing the alleged conditions and pattern or practice at the time of the certification, and the date on which the alleged conditions and pattern or practice were first brought to the attention of the Attorney General; and

(C) the minimum measures which the Attorney General believes may remedy the alleged conditions and the alleged pattern or practice of resistance;

(2) that the Attorney General has notified in writing the Governor or chief executive officer and attorney general or chief legal officer of the appropriate State or political subdivision and the director of the institution of the Attorney General's intention to commence an investigation of such institution, that such notice was delivered at least seven days prior to the commencement of such investigation and that between the time of such notice and the commencement of an action under section 3 of this Act [42 USCS § 1997a]--

(A) the Attorney General has made a reasonable good faith effort to consult with the Governor or chief executive officer and attorney general or chief legal officer of the appropriate State or political subdivision and the director of the institution, or their designees, regarding financial, technical, or other assistance which may be available from the United States and which the Attorney General believes may assist in the correction of such conditions and pattern or practice of resistance;

(B) the Attorney General has encouraged the appropriate officials to correct the alleged conditions and pattern or practice of resistance through informal methods of conference, conciliation and persuasion, including, to the extent feasible, discussion of the possible costs and fiscal impacts of alternative minimum corrective measures, and it is the Attorney General's opinion that reasonable efforts at voluntary correction have not succeeded; and

(C) the Attorney General is satisfied that the appropriate officials have had a reasonable time to take appropriate action to correct such conditions and pattern or practice, taking into consideration the time required to remodel or make necessary changes in physical facilities or relocate residents, reasonable legal or procedural requirements, the urgency of the need to correct such conditions, and other circumstances involved in correcting such conditions; and

(3) that the Attorney General believes that such an action by the United States is of general public importance and will materially further the vindication of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

(b) The Attorney General shall personally sign any certification made pursuant to this section.

18 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright (c) 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) Companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE

42 USCS § 1997c


CHAPTER 21. CIVIL RIGHTS
INSTITUTIONALIZED PERSONS

Go to the United States Code Service Archive Directory

42 USCS § 1997c

§ 1997c. Intervention in actions

(a) Discretionary authority of Attorney General; preconditions; time period.

(1) Whenever an action has been commenced in any court of the United States seeking relief from egregious or flagrant conditions which deprive persons residing in institutions of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing them to suffer grievous harm and the Attorney General has reasonable cause to believe that such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities, the Attorney General, for or in the name of the United States, may intervene in such action upon motion by the Attorney General.

(2) The Attorney General shall not file a motion to intervene under paragraph (1) before 90 days after the commencement of the action, except that if the court determines it would be in the interests of justice, the court may shorten or waive the time period.

(b) Certification requirements by Attorney General.

(1) The Attorney General shall certify to the court in the motion to intervene filed under subsection (a)--

(A) that the Attorney General has notified in writing, at least fifteen days previously, the Governor or chief executive officer, attorney general or chief legal officer of the appropriate State or political subdivision, and the director of the institution--

(i) the alleged conditions which deprive rights, privileges, or immunities secured or protected by the Constitution or laws of the United States and the alleged pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities;

(ii) the supporting facts giving rise to the alleged conditions, including the dates and time period during which the alleged conditions and pattern or practice of resistance occurred; and

(iii) to the extent feasible and consistent with the interests of other plaintiffs, the minimum measures which the Attorney General believes may remedy the alleged conditions and the alleged pattern or practice of resistance; and

(B) that the Attorney General believes that such intervention by the United States is of general public importance and will materially further the vindication of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

(2) The Attorney General shall personally sign any certification made pursuant to this section.

(c) Attorney General to personally sign motion to intervene. The Attorney General shall personally sign any motion to intervene made pursuant to this section.

(d) Discretionary award of attorney fees; other award provisions unaffected. In any action in which the United States joins as an intervenor under this section, the court may allow the prevailing party, other than the United States, a reasonable attorney's fee against the United States as part of the costs. Nothing in this subsection precludes the award of attorney's fees available under any other provisions of the United States Code.

UNITED STATES CODE SERVICE
Copyright (c) 2007 Matthew Bender & Company, Inc.,

42 USCS § 1997d

one of the LEXIS Publishing (TM) Companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
INSTITUTIONALIZED PERSONS

**Go to the United States Code Service Archive Directory**

42 USCS § 1997d

§ 1997d   Prohibition of retaliation

No person reporting conditions which may constitute a violation under this Act shall be subjected to retaliation in any manner for so reporting.

20 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42  THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
INSTITUTIONALIZED PERSONS

**Go to the United States Code Service Archive Directory**

42 USCS § 1997e

§ 1997e.  Suits by prisoners

(a) Applicability of administrative remedies.  No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

(b) Failure of State to adopt or adhere to administrative grievance procedure.  The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 3 or 5 of this Act [42 USCS § 1997a or 1997c].

(c) Dismissal.
   (1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous,

42 USCS § 1997e

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

(2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

(d) Attorney's fees.

(1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 2 of the Revised Statutes of the United States (42 U.S.C. 1988), such fees shall not be awarded, except to the extent that--

(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 2 of the Revised Statutes; and

(B)

(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or

(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

(2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

(3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of title 18, United States Code, for payment of court-appointed counsel.

(4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 2 of the Revised Statutes of the United States (42 U.S.C. 1988).

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

(f) Hearings.

(1) To the extent practicable, in any action brought with respect to prison conditions in Federal court pursuant to section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility, pretrial proceedings in which the prisoner's participation is required or permitted shall be conducted by telephone, video conference, or other telecommunications technology without removing the prisoner from the facility in which the prisoner is confined.

(2) Subject to the agreement of the official of the Federal, State, or local unit of government with custody over the prisoner, hearings may be conducted at the facility in which the prisoner is confined. To the extent practicable, the court shall allow counsel to participate by telephone, video conference, or other communications technology in any hearing held at the facility.

(g) Waiver of reply.

(1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

(2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

(h) "Prisoner" defined. As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the

42 USCS § 1997e

terms and conditions of parole, probation, pretrial release, or diversionary program.

21 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright (c) 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) Companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
INSTITUTIONALIZED PERSONS

**Go to the United States Code Service Archive Directory**

42 USCS § 1997f

§ 1997f.  Report to Congress

The Attorney General shall include in the report to Congress on the business of the Department of Justice prepared pursuant to section 522 of title 28, United States Code--

  (1) a statement of the number, variety, and outcome of all actions instituted pursuant to this Act including the history of, precise reasons for, and procedures followed in initiation or intervention in each case in which action was commenced;

  (2) a detailed explanation of the procedures by which the Department has received, reviewed and evaluated petitions or complaints regarding conditions in institutions;

  (3) an analysis of the impact of actions instituted pursuant to this Act including, when feasible, an estimate of the costs incurred by States and other political subdivisions;

  (4) a statement of the financial, technical, or other assistance which has been made available from the United States to the State in order to assist in the correction of the conditions which are alleged to have deprived a person of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States; and

  (5) the progress made in each Federal institution toward meeting existing promulgated standards for such institutions or constitutionally guaranteed minima.

22 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright (c) 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) Companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
INSTITUTIONALIZED PERSONS

42 USCS § 1997g

Go to the United States Code Service Archive Directory

42 USCS § 1997g

§ 1997g.  Priorities for use of funds

[(a)] It is the intent of Congress that deplorable conditions in institutions covered by this Act amounting to deprivations of rights protected by the Constitution or laws of the United States be corrected, not only by litigation as contemplated in this Act, but also by the voluntary good faith efforts of agencies of Federal, State, and local governments. It is the further intention of Congress that where Federal funds are available for use in improving such institutions, priority should be given to the correction or elimination of such unconstitutional or illegal conditions which may exist. It is not the intent of this provision to require the redirection of funds from one program to another or from one State to another.

23 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright (c) 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) Companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 21. CIVIL RIGHTS
INSTITUTIONALIZED PERSONS

Go to the United States Code Service Archive Directory

42 USCS § 1997h

§ 1997h.  Notice to Federal departments

At the time of notification of the commencement of an investigation of an institution under section 3 [42 USCS § 1997a] or of the notification of an intention to file a motion to intervene under section 5 of this Act [42 USCS § 1997c], and if the relevant institution receives Federal financial assistance from the Department of Health and Human Services or the Department of Education, the Attorney General shall notify the appropriate Secretary of the action and the reasons for such action and shall consult with such officials. Following such consultation, the Attorney General may proceed with an action under this Act if the Attorney General is satisfied that such action is consistent with the policies and goals of the executive branch.

24 of 25 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright (c) 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) Companies
All rights reserved

*** CURRENT THROUGH P.L. 110-80, APPROVED 8/13/2007 ***